

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2007

# USA v. Carson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4847

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Carson" (2007). *2007 Decisions*. Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4847
_____

UNITED STATES OF AMERICA

vs.

KENNETH A. CARSON

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00051)
District Judge:  The Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007


BEFORE: RENDELL, WEIS, and NYGAARD, Circuit Judges.

(Filed November 5, 2007)


_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation of the facts and of our analysis so as to explain why we will affirm the District Court's sentence.

Carson pleaded guilty to conspiracy to possess with intent to distribute, and distribution of five grams of cocaine base (crack cocaine), a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). He was sentenced to seventy-five months imprisonment, followed by a four-year term of supervised release. On appeal, Carson contends that the District Court erred at sentencing by refusing to consider the Sentencing Commission's findings regarding the 100:1 disparity in the Guidelines sentencing ranges for crack cocaine and powder cocaine during its analysis of the relevant sentencing factors pursuant to 18 U.S.C. § 3553(a).

We review the District Court's sentence for reasonableness. The record here reflects that the District Court arrived at its decision after it gave "meaningful consideration" to the relevant § 3553(a) factors. At the sentencing hearing, the District Court made the following findings: (1) Carson "had a long history of assaultive behavior and drug-related criminal activity, largely the possession of drugs," (2) the crime was "serious ," and (3) Carson was an "integral cog in this crime." The District Court also took into account Carson's "significant" and "extensive" criminal history. In the end,

2

after recognizing that Carson was subject to a mandatory minimum sentence of five years and a maximum of forty, the District Court found that a sentence of seventy-five months (6.25 years) to be a reasonable sentence, having taken into account the guideline provisions, the guideline range in this case and the other § 3553(a) factors. We see no basis for disturbing this sentence.

The District Court's sentencing methodology comports with requirements of *United States v. Booker*, 543 U.S. 220 (2005). The District Court understood its authority to impose a non-guidelines sentence, but chose not to do so. A district court is "under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." *United States v. Gunter*, 462 F.3d 237, 249 (3d Cir.2006). Here, the District Court specifically considered the crack/powder cocaine ratio, but found — given its analysis of the relevant § 3553(a) factors — that "I have considered the defendant's argument through counsel that I should take into account the differential with respect to crack cocaine and powder cocaine. I have done that and I have concluded that whether the differential is considered individually or collectively and thrown into the mix with all of the other factors that I have previously described, I see no basis on this record to fashion a sentence below the advisory guideline range."

Accordingly, we will affirm.